IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | Civil Action No. 6:19-cv-305-MK<br><br>STIPULATION OF SETTLEMENT AND JUDGMENT |

WHEREAS Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a complaint in this action, alleging that Defendant Union Pacific Railroad Company (Defendant) violated Sections 301(a) and 311(b) of the Federal Water Pollution Control Act of 1972 (the "Clean Water Act" or "CWA"), 33 U.S.C. § 1311(a), 1321(b). The United States's Complaint alleges that on September 12, 2014, a locomotive owned and operated by Defendant collided with a derail device in Salem, Oregon, resulting in discharges of diesel, in violation of the CWA.

WHEREAS Defendant and the State of Oregon, on behalf of Oregon Department of Environmental Quality, will separately resolve in an administrative order alleged violations of Oregon law resulting from the same discharges of oil addressed in this Stipulation of Settlement and Judgment ("Judgment").

WHEREAS the United States and Defendant (the "Parties") agree that it is in the public interest to resolve this matter without litigation and have negotiated this Judgment in good faith to avoid expensive and protracted litigation and to avoid the risks inherent in such litigation.

WHEREAS Defendant and Packaging Corporation of America have executed, prior to the execution of this Judgment, an agreement satisfactory to the State of Oregon pertaining to Defendant's additional cleanup responsibilities for oil spilled from Defendant's locomotive on September 12, 2014;

NOW THEREFORE, the Parties, by and through the undersigned, agree and stipulate as follows:

1. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 311(b)(7)(E) of the CWA, 33 U.S.C. § 1321(b)(7)(E), and over the Parties. The United States's Complaint states a claim on which relief may be granted.

2. Venue lies in this District pursuant to Section 311(b)(7)(E) of the CWA, 33 U.S.C. § 1321(b)(7)(E), and 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because the violations alleged in the Complaint are alleged to have occurred in, Defendant conducts business in, and the penalties sought accrued in, this judicial district.

3. The obligations of this Judgment apply to and are binding upon the United States and upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

4. Within ten business days of entry by this Court of this Judgment, Defendant shall take the following actions to pay civil penalties totaling $95,000 for violations of the Clean Water Act alleged in the Complaint and violations of Oregon law addressed in a separate

administrative order between the State of Oregon and Defendant, as follows:

    a.    As a civil penalty to the United States, Defendant shall pay $47,500 to the United States by FedWire Electronic Funds Transfer (EFT) to the U.S. Department of Justice in accordance with written instructions to be provided to Defendant, following entry of the Judgment, by the Financial Litigation Unit of the U.S. Attorney's Office for the District of Oregon. At the time of payment, Defendant shall send a copy of the EFT authorization form and the EFT transaction record, which shall state that the payment is for the civil penalty owed pursuant to the Judgment in <u>United States v. Union Pacific Railroad Company</u>, case number 6:19-cv-305-MK and DOJ case number 90-5-1-1-11581, by email to acctsreceivable.CINWD@epa.gov; and by mail to:

> EPA Cincinnati Finance Office
> 26 W. Martin Luther King Drive
> Cincinnati, Ohio 45268
>
> and
>
> Chief, Environmental Enforcement Section
> Environment & Natural Resources Division
> United States Department of Justice
> P.O. Box 7611
> Washington, DC 20044-7611
>
> and
>
> Stephanie Mairs
> Assistant Regional Counsel
> U.S. EPA Region 10
> 1200 Sixth Avenue, Mailstop ORC- 158
> Suite 900
> Seattle, Washington 98101

    b.    Within ten business days of making the payment required by Paragraph 4(a) of this Judgment, Defendant shall execute an administrative order with the

State of Oregon, on behalf of Oregon Department of Environmental Quality, that requires Defendant to pay to the State of Oregon a civil penalty of $47,500 for violations of Oregon law resulting from the same discharges of oil addressed in this Judgment. Defendant shall not execute this administrative order with the State of Oregon prior to making the payment required by Paragraph 4(a) of this Judgment.

5. In the event that Defendant does not comply with the obligations of Paragraph 4, above, Defendant shall pay a stipulated penalty to the United States in the amount of five hundred dollars ($500) per day for each day of violation. Stipulated penalties shall be paid in the same manner as that provided for in Paragraph 4(a) for payment of the civil penalty. Further, interest shall accrue on the unpaid balance of civil and/or stipulated penalties in accordance with 28 U.S.C. § 1961 commencing on the date that such penalties are due and continuing until paid. If Defendant does not comply with its obligations in Paragraph 4, then, in addition to other remedies herein, the United States reserves the right to move this Court to vacate this Judgment and reinstate this action.

6. This Judgment resolves all civil claims of the United States, based upon the facts alleged in its Complaint, for the violations expressly alleged in its Complaint. This Judgment is not intended to, nor shall it be construed to, operate in any way to resolve any criminal liability of the Defendant or to resolve any civil claims other than those expressly referred to in this Paragraph 6.

7. This Judgment shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the CWA or implementing regulations, or under other laws, regulations, or permit conditions, except as expressly specified in Paragraph 6.

8. This Judgment is not a permit, or a modification of any permit, under any federal, State, or local law or regulation. Defendant is responsible for achieving and maintaining

complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendant's compliance with this Judgment shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Judgment, warrant or aver in any manner that Defendant's compliance with any aspect of this Judgment will result in compliance with provisions of the CWA, 33 U.S.C. § 1321(b) *et seq.*, or with any other provisions of federal, State, or local laws, regulations, or permits. Defendant or any other person shall not deduct any penalties or stipulated penalties paid under this Judgment in calculating for Federal, State or local tax purposes.

9. The Court shall retain jurisdiction for the purposes of interpreting and enforcing this Judgment through the date that the obligations in Paragraphs 4 and 5 are completed.

10. This Judgment shall be considered an enforceable judgment for purposes of post-judgment collection of any unpaid civil and/or stipulated penalties and interest referred to in Paragraphs 4 and 5, above, in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3008, and any other applicable statutory authority without further order of this Court. In the event all or any portion of the penalties referred to in Paragraphs 4(a) and 5, above, are not paid in accordance with the provisions of this Judgment, Defendant shall be liable for attorneys' fees and costs incurred by the United States in collecting any amounts due hereunder.

11. This Judgment does not limit or affect the rights of Defendant or of the United States against any third parties not party to this Judgment, nor does it limit the rights of third parties, not party to this Judgment, against Defendant, except as otherwise provided by law. This Judgment shall not be construed to create rights in, or grant any cause of action to, any third party not a party to this Judgment.

12. Nothing herein shall be construed as an admission of any fact or liability on the

part of Defendant with respect to the matters addressed herein, except that Defendant admits that this Court has jurisdiction over this matter and that venue is appropriate in this district.

13. Each undersigned representative of the Parties certify that he or she is fully authorized to enter into the terms and conditions of this Judgment and to execute and legally bind the Party he or she represents to this document.

14. Defendant consents to the entry of this Judgment without further notice.

15. Except as set forth in Paragraph 10 of this Judgment, each party shall bear its own costs and attorney's fees in this action.

16. This Judgment constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Judgment and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Judgment or the settlement it represents, nor shall it be used in construing the terms of this Judgment.

17. This Judgment may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

**AS STIPULATED AND AGREED TO BY THE PARTIES, IT IS SO ORDERED AND ADJUDGED:**

3/26/19
Date

THE HONORABLE mcshane
**UNITED STATES DISTRICT COURT JUDGE**

FOR PLAINTIFF UNITED STATES OF AMERICA:

Date: 2/21/19

NATHANIEL DOUGLAS
Deputy Chief
Environmental Enforcement Section
U.S. Department of Justice
Washington, D.C. 20530

Date: 2/22/19

MICHAEL J. ZEVENBERGEN
Senior Counsel
Environmental Enforcement Section
U.S. Department of Justice
7600 Sand Point Way NE
Seattle, WA 98115

ALSO FOR PLAINTIFF UNITED STATES OF AMERICA:

Date: Dec. 19, 2018

_____
ALLYN STERN
Regional Counsel
U.S. Environmental Protection Agency, Region 10
1200 Sixth Avenue, Suite 900, MS ORC 113
Seattle, WA 98101

Date: Dec 18, 2018

_____
STEPHANIE MAIRS
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 10
1200 Sixth Avenue, Suite 900, MS ORC 113
Seattle, WA 98101

FOR THE DEFENDANT:

Date: _____

_____
David P. Young, Vice President – Legal
Union Pacific Railroad
1400 Douglas Street
Omaha, NE 68179